**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| DIYAR KAYA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1]<br><br>Respondent. | No. 2:26-cv-03591-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 20, 2026, Petitioner Diyar Kaya filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1.) He challenges the lawfulness of his continued detention without an individualized bond hearing. (Id. at PageID 6–7.) Petitioner states that he fled to the United States from Turkey after he was beaten and detained due to his political views. (Id. at PageID 1.) He entered the United States on or about May 4, 2023, and has lived here since. (Id.) On or about November 16, 2026, Petitioner arrived at an ICE check-in where he was detained. (Id. at PageID 6.) He is being held at the West Tennessee Detention Facility, and seeks, among other things, immediate release or an individualized bond hearing. (Id. at PageID 12–13.)

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, Markwayne Mullin, David J. Venturella, Todd Blanche, and the warden of the West Tennessee Detention Facility are dismissed from the case.

[2] Petitioner also filed a Motion for Temporary Restraining Order. (ECF No. 4.) That Motion is **GRANTED** to the extent this Order provides the relief sought therein.

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent **SHALL NOT** transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 23rd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE